**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| LOUIS SCARANTINO, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>PARKWAY, INC., PARKWAY PROPERTIES LP, JAMES A. THOMAS, JAMES H. HANCE, JR., FRANK J. "TRIPP" JOHNSON, III, R. DARY STONE, AVI BANYASZ, JAMES R. HEISTAND, CRAIG JONES, CANADA PENSION PLAN INVESTMENT BOARD, REAL ESTATE HOUSTON US TRUST, REAL ESTATE HOUSTON US LLC, and REAL ESTATE HOUSTON US LP, )<br><br>Defendants. ) | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on June 30, 2017 (the "Proposed Transaction"), pursuant to which Parkway, Inc. ("Parkway" or the "Company") and Parkway Properties LP ("Partnership") will be acquired by affiliates of Canada Pension Plan Investment Board ("CPPIB").

2.      On June 29, 2017, Parkway's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Real Estate Houston US Trust ("Parent"), Real Estate Houston US LLC

("Merger Sub"), and Real Estate Houston US LP ("Merger Partnership," and together with CPPIB, Parent, Merger Sub, and Merger Partnership, "Canada Pension Plan").  Pursuant to the terms of the Merger Agreement, shareholders of Parkway will receive $23.05 per share in cash.

3.      On July 27, 2017, defendants filed a Preliminary Proxy Statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

<u>**JURISDICTION AND VENUE**</u>

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

<u>**PARTIES**</u>

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Parkway common stock.

9.      Defendant Parkway is a Maryland corporation and maintains its headquarters at 5847 San Felipe Street, Suite 2200, Houston, Texas 77057.  Parkway's common stock is traded on the NYSE under the ticker symbol "PKY."

10.     Defendant Partnership is a Delaware limited partnership and a party to the Merger Agreement.

11.     Defendant James A. Thomas ("Thomas") has served as a director and Chairman of the Board of Parkway since December 2013.

12.     Defendant James H. Hance, Jr. ("Hance") is a director Parkway.

13.     Defendant Frank J. "Tripp" Johnson, III ("Johnson") is a director of Parkway.

14.     Defendant R. Dary Stone ("Stone") is a director of Parkway.

15.     Defendant Avi Banyasz ("Banyasz") has served as a director of Parkway since June 2016.

16.     Defendant James R. Heistand ("Heistand") is a director, President, and Chief Executive Officer ("CEO") of Parkway.

17.     Defendant Craig Jones ("Jones") is a director of Parkway.

18.     The defendants identified in paragraphs 11 through 17 are collectively referred to herein as the "Individual Defendants."

19.     Defendant CPPIB is a Canada Crown corporation and a party to the Merger Agreement.

20.     Defendant Parent is a Delaware statutory trust, a wholly-owned subsidiary of CPPIB, and a party to the Merger Agreement.

21.     Defendant Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

22.     Defendant Merger Partnership is a Delaware limited partnership, an indirect wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Parkway (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24.     This action is properly maintainable as a class action.

25.     The Class is so numerous that joinder of all members is impracticable.  As of June 29, 2017, there were approximately 49,220,914 shares of Parkway common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the

adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

30.    Parkway is an independent, publicly traded, self-managed real estate investment trust ("REIT") that owns and operates high-quality office properties located in attractive submarkets in Houston, Texas.

31.    The Company's portfolio consists of five Class A assets comprising nineteen buildings and totaling approximately 8.7 million rentable square feet in the Greenway, Galleria, and Westchase submarkets of Houston, providing geographic focus and significant operational scale and efficiencies.

32.    According to its website, the Company believes that the creation of a geographically focused REIT with a strong balance sheet and targeted internal value-creation opportunities will generate attractive risk-adjusted returns for its stockholders while providing a platform for external growth opportunities over the longer term.

33.    Nevertheless, on June 30, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement.

34.    The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and

severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

35.    Further, the Company must promptly advise Canada Pension Plan of any proposals or inquiries received from other parties.

36.    Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants Canada Pension Plan a "matching right" with respect to any "Superior Proposal" made to the Company.

37.    Further locking up control of the Company in favor of Canada Pension Plan, the Merger Agreement provides for a "termination fee" of $26.4 million payable by the Company to Canada Pension Plan if the Individual Defendants cause the Company to terminate the Merger Agreement.

38.    By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

39.    The merger consideration to be provided to plaintiff and the Class in the Proposed Transaction is inadequate.

40.    Among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

41.    Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, and future growth in profits and earnings.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

42.    Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

43.    The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

44.    First, the Proxy Statement omits material information regarding Parkway's financial projections and the analyses performed by the Company's financial advisor, HFF Securities L.P. ("HFF Securities").

45.    With respect to Parkway's financial projections, the Proxy Statement fails to disclose:  (i) the cash flow projections for Parkway; (ii) the Company's projected property-level net operating income and capital costs; (iii) the line items used to calculate (a) cash net operating income, (b) adjusted EBITDA, and (c) funds from operations; and (iv) a reconciliation of all non-GAAP to GAAP metrics.

46.    With respect to HFF Securities' *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose:  (i) the standalone unlevered, after-tax free cash flows and the corresponding definition and line items; (ii) the terminal values for Parkway; and (iii) the inputs and assumptions underlying the range of discount rates of 7.50% to 8.00% and the range of perpetuity growth rates of 2.75% to 3.25%.

47.    With respect to HFF Securities' *Net Asset Value Analysis*, the Proxy Statement fails to disclose:  (i) the property-level net operating income and cash flows as provided by Company management; (ii) Parkway's total implied gross real estate value at share; (iii) the Company's estimated cash and cash equivalents, restricted cash, rent and other receivables, and other tangible assets as estimated by Parkway's management; and (iv) Parkway's outstanding

liabilities as estimated by Parkway's management.

48.     With respect to HFF Securities' *Comparable Public Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by HFF Securities in the analysis.

49.     With respect to HFF Securities' *Selected Precedent Transaction Analyses*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by HFF Securities in the analyses.

50.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

51.     The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement:  (i) "Background of the Mergers"; (ii) "Reasons for the Mergers; Recommendations of the Board of Directors"; (iii) "Opinion of Our Financial Advisor"; and (iv) "Unaudited Prospective Financial Information."

52.     Second, the Proxy Statement fails to disclose whether any confidentiality agreements executed by Parkway and the prospective bidders, including "Party A," contained "don't ask, don't waive" provisions that are or were preventing those counterparties from submitting superior offers to acquire the Company.

53.     Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

54.     The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) "Background of the Mergers"; and (ii) "Reasons for the Mergers; Recommendations of the Board of Directors."

55.     Third, the Proxy Statement omits material information regarding potential conflicts of interest of HFF Securities.

56.     Specifically, the Proxy Statement fails to disclose the past services provided by HFF Securities to Canada Pension Plan and its affiliates, as well as the amount of compensation received by HFF Securities for such services.

57.     The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) "Background of the Mergers"; (ii) "Reasons for the Mergers; Recommendations of the Board of Directors"; and (iii) "Opinion of Our Financial Advisor."

58.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Parkway's stockholders.

## **COUNT I**

### **Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Parkway**

59.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

60.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and

Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Parkway is liable as the issuer of these statements.

61.    The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

62.    The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

63.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

64.    The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

65.    By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

66.    Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Canada Pension Plan**

67.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

68.     The Individual Defendants and Canada Pension Plan acted as controlling persons of Parkway within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Parkway and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

69.     Each of the Individual Defendants and Canada Pension Plan was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

70.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly in the making of the Proxy Statement.

71.     Canada Pension Plan also had direct supervisory control over the composition of the Proxy Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

11

72.     By virtue of the foregoing, the Individual Defendants and Canada Pension Plan violated Section 20(a) of the 1934 Act.

73.     As set forth above, the Individual Defendants and Canada Pension Plan had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated:  August 9, 2017

**KENDALL LAW GROUP, PLLC**

By:    */s/ Joe Kendall*

**OF COUNSEL:**

Joe Kendall
Texas Bar No. 11260700
jkendall@kendalllawgroup.com
Jamie J. McKey
Texas Bar No. 24045262
jmckey@kendalllawgroup.com
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone:  (214) 744-3000
Facsimile:  (214) 744-3015

**RIGRODSKY & LONG, P.A.**
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Telephone:  (302) 295-5310
Facsimile:  (302) 654-7530

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone:  (484) 324-6800
Facsimile:  (484) 631-1305

*Attorneys for Plaintiff*